[598 NYS2d 21]

In the Matter of SIMEON J. GREENAWAY (Admitted as SIMEON JOHN GREENAWAY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 10, 1993

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

*Eugene Prosnitz,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent is charged with five allegations of professional misconduct. The Special Referee sustained Charges One, Two, Four and Five, but found that Charge Three was not supported by the evidence. The petitioner now moves to confirm the report to the extent that it sustained four charges and to disaffirm the report to the extent that it failed to sustain Charge Three.

Charge One alleged that the respondent neglected a legal matter entrusted to him. A client retained the respondent to prosecute a criminal appeal in or about October 1986. On or about December 19, 1989, the respondent was issued a Letter of Admonition by the Grievance Committee for neglecting that appeal and was directed to perfect in a timely manner. The respondent failed to perfect the appeal until March 1992.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice. On November 8, 1989, the petitioner sent the respondent letters, enclosing copies of complaints from two clients, with requests that the respondent submit written answers within 10 days. The respondent failed to timely answer the initial correspondence or follow-up letters dated December 4, 1989. On January 4, 1990, the Grievance Committee sent the respondent a letter, informing him that a *sua sponte* investigation had been commenced based on his failure to cooperate with respect to those investigations and requesting written answers to all three matters within 10 days. The respondent failed to answer the allegations that he had failed to cooperate. Nor did he answer the Grievance Committee's follow-up letter dated February 2, 1990, again requesting that he submit a written answer to the allegation that he failed to cooperate.

The Grievance Committee sent the respondent a letter on

May 17, 1990, enclosing a copy of a complaint from a third client and requesting that he submit a written answer to the allegations within 10 days. The respondent failed to timely answer either that letter or a follow-up letter dated June 8, 1990. On July 6, 1990, the Grievance Committee sent the respondent a demand for a written answer to the third complaint, as well as a separate written answer to the allegation that the respondent failed to cooperate with respect to all three complaints.

On July 6, 1990, the petitioner sent the respondent a letter, enclosing a copy of a complaint against him from a fourth client and requested a written answer within 10 days. The respondent failed to timely answer either that letter or a follow-up letter dated July 27, 1990.

On September 4, 1990, the Grievance Committee sent the respondent a letter, informing him that a new *sua sponte* investigation had been commenced based upon the respondent's alleged continuing neglect of a criminal appeal for which he had already been admonished by the Grievance Committee and requesting a written answer within 10 days.

On September 17, 1990, the Grievance Committee sent the respondent a letter, enclosing a copy of a complaint from a fifth client and requesting that he submit a written answer within 10 days. On September 26, 1990, the Grievance Committee sent the respondent a letter, enclosing a copy of a complaint from a sixth client and requesting that he submit a written answer within 10 days. The respondent failed to submit timely written answers.

Charge Three alleged that the respondent sought to improperly limit his liability to a client. The respondent was retained by a client in or about October 1978 to recover moneys from two other parties. The respondent returned the file to the client on or about August 13, 1979, upon execution of a general release drafted by the respondent which purportedly released him from any liability in connection with the case.

Charge Four alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law. On or about April 8, 1982, the respondent became the subject of a lawsuit brought by the client which is the subject of Charge Three. On or about August 1, 1983, judgment was granted in favor of the client after inquest and entered on or about November 16, 1983. The respondent failed to satisfy the judgment or move to vacate the default.

Charge Five alleged that the respondent engaged in conduct reflecting adversely on his fitness to practice law and prejudicial to the administration of justice. The respondent was retained by a client on or about October 23, 1986, in connection with an accident case. The respondent failed to file a retainer statement with the Office of Court Administration.

Upon a review of the evidence adduced and the respondent's admissions, we conclude that all five charges should have been sustained. The petitioner's motion to confirm in part and disaffirm in part is, accordingly, granted in its entirety.

In determining an appropriate measure of discipline to impose, we have considered the mitigating circumstances advanced, notably, the family tragedies with which the respondent was beset. The respondent's prior disciplinary history includes three Letters of Admonition and a Letter of Caution. Under the circumstances, the respondent is suspended from the practice of law for three years.

BRACKEN, J. P., SULLIVAN, BALLETTA, ROSENBLATT and EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted, and all five charges of professional misconduct are sustained; and it is further,

Ordered that the respondent Simeon J. Greenaway, is suspended from the practice of law for a period of three years, commencing June 10, 1993, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the three-year period upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent Simeon J. Greenaway is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appear-

ing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.