[644 NYS2d 988]

In the Matter of SIMEON GREENAWAY (Admitted as SIMEON JOHN GREENAWAY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 24, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

*Jerome Karp,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing six charges of professional misconduct. The Special Referee sustained all six charges. The Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems appropriate. The respondent has submitted an affirmation in response, in which he requests that any additional sanction imposed not extend beyond the concluding date of his original suspension, thereby permitting the respondent to promptly apply for reinstatement.

The first five charges alleged that the respondent failed to comply with the lawful demands of the Grievance Committee in connection with its investigation into allegations of professional misconduct.

According to Charge One, by letter dated August 18, 1993, the respondent was advised that the Grievance Committee had received a complaint against him from Dr. Marco Mason. The respondent was asked to submit a written answer to the allegations within 10 days. He failed to do so. By subsequent letters dated October 19, 1993 and January 24, 1994, the respondent was again directed to submit a written answer to the Grievance Committee within 10 days. He failed to comply with those letters as well.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Two alleged that by letter dated September 29, 1993, the respondent was advised that the Grievance Committee had received a complaint against him from George O'Connor. The respondent was asked to submit a written answer to the allegations within 10 days. He failed to do so. By letter dated October 20, 1993, the respondent was again directed to submit a written answer to the Grievance Committee within 10 days. He again failed to do so.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Three alleged that by letter dated October 7, 1993, the respondent was advised that the Grievance Committee had

received a complaint against him from Joseph Quirk. The respondent was asked to submit a written answer within 10 days. He failed to do so. By letter dated January 26, 1994, the respondent was again directed to submit a written answer to the Grievance Committee within 10 days. He again failed to do so.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Four alleged that by letter dated June 9, 1994, the respondent was advised that the Grievance Committee had received a complaint against him from Addil Gethers. The respondent was asked to submit a written answer to the allegations within 10 days. He failed to do so. By letter dated July 6, 1994, the respondent was again directed to submit a written answer to the allegations within 10 days. He again failed to do so.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Five alleged that by letter dated July 22, 1994, the respondent was advised that the Grievance Committee had received a complaint against him from Rosalyn Forbes. The respondent was asked to submit a written answer to the allegations within 10 days. He failed to do so. By letter dated August 24, 1994, the respondent was again directed to submit a written answer to the allegations within 10 days. He again failed to do so.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Six alleged that the respondent failed to file an affidavit of compliance with the order of this Court, dated May 10, 1993 (190 AD2d 69), suspending him from the practice of law for a period of three years commencing June 10, 1993. By further order of this Court, dated June 10, 1993, the effective date of the respondent's suspension was adjourned to August 9, 1993. Pursuant to 22 NYCRR 691.10 (f), the respondent was required to file, with the Clerk of this Court, an affidavit of compliance with the Court's rules within 10 days. The respondent failed to do so.

By reason of the foregoing, the respondent violated 22 NYCRR 691.10 (f).

Based upon the respondent's admissions and the evidence adduced, the Special Referee properly sustained all six charges.

Inasmuch as the Special Referee's conclusions are amply supported by the record, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's ultimate submission of an affidavit of compliance and responses to the five pending complaints. We have also considered the mitigation proffered by the respondent, including his cooperation throughout the proceedings, his medical condition, and the character letters submitted on his behalf.

Notwithstanding the mitigation proffered by the respondent, his disciplinary history is extensive. In addition to this Court's opinion and order of May 10, 1993 which suspended him for three years, the respondent was issued a Letter of Caution, dated December 24, 1984, and three Letters of Admonition. In view of the respondent's recidivism and the pattern of failing to cooperate which he has exhibited between 1984 and the presently pending charges, the respondent is disbarred.

BRACKEN, J. P., ROSENBLATT, MILLER, RITTER and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Simeon Greenaway, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Simeon Greenaway is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.